IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOVERATIV INC., BIOVERATIV THERAPEUTICS INC., and BIOVERATIV U.S. LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 17-914-GMS |
| v. | ) ) | |
| CSL BEHRING LLC, CSL BEHRING GMBH, and CSL BEHRING RECOMBINANT FACILITY AG, | ) ) ) ) | |
| Defendants | ) | |

**DEFENDANT CSL BEHRING'S UNOPPOSED MOTION FOR MANDATORY STAY PURSUANT TO 28 U.S.C. § 1659(a)**

**I.   INTRODUCTION**

On the same day that Bioverativ Inc., Bioverativ Therapeutics Inc., and Bioverativ U.S. LLC (collectively, "Bioverativ") filed this patent infringement case, it also filed a complaint in the International Trade Commission ("ITC") accusing CSL Behring LLC, CSL Behring GmbH, and CSL Behring Recombinant Facility AG (collectively, "CSL Behring") of infringing the same three patents asserted here.  Pursuant to 28 U.S.C. § 1659(a), CSL Behring hereby respectfully requests a mandatory stay as to all claims that Bioverativ has asserted against CSL Behring in this case.  Bioverativ does not oppose this motion.

**II.   PROCEDURAL BACKGROUND**

On July 7, 2017, Bioverativ filed this case in the District of Delaware.  (D.I. 1.)  In its complaint, Bioverativ asserts that CSL Behring has infringed U.S. Patent Nos. 9,670,475 (the "'475 patent"), 9,623,091 (the "'091 patent"), and 9,629,903 (the "'903 patent") (collectively, the "Patents-in-Suit").  (D.I. 1 at 1.)

1

Also on July 7, 2017, Bioverativ filed a complaint against CSL Behring in the ITC.  In its complaint, Bioverativ asked the ITC to institute an investigation into whether CSL Behring has violated 19 U.S.C. § 1337 based on CSL Behring's products that allegedly infringe the same three patents—the '475 patent, the '091 patent, and the '903 patent—that Bioverativ asserts in this case.  The ITC instituted its investigation with respect to all three asserted patents on August 8, 2017.  *See Certain Recombinant Factor IX Products*, Inv. No. 337-TA-1066, Notice of Institution of Investigation (attached hereto as Exhibit A).

### III. ARGUMENT

A patent holder may bring parallel actions alleging infringement of the same patents in both a district court and the ITC.  *See Texas Instruments, Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1330 (Fed. Cir. 2000) ("[A] patentee can bring suit in both a district court and in the ITC against an alleged infringer who is importing an allegedly infringing product.").  In such circumstances, upon a timely request from the accused infringer, 28 U.S.C. § 1659(a) requires the district court to stay "any claim that involves the same issues" pending in the ITC:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court ***shall stay***, until the determination of the Commission becomes final, proceedings in the civil action with respect to ***any claim that involves the same issues involved in the proceeding before the Commission***, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (emphases added); *see InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 707 F.3d 1295, 1310 n.3 (Fed Cir. 2013) ("A statutory amendment in 1994 renders it obligatory for a district court to stay a co-pending infringement action until the ITC proceeding is completed."); *Graphic Props. Holdings v. Toshiba Am. Info., Sys.*, No. CV 12-213-LPS, 2014

2

WL 923314, at *1 (D. Del. Mar. 5, 2014) ("Because this action and [the] ITC investigation involve the same asserted [patent] and appear to involve the same . . . products, a stay of this case . . . is mandated by § 1659(a).").

Here, section 1659(a)'s requirements are met. The district court case and the ITC investigation involve the same parties (CSL Behring and Bioverativ) and all of the same patents. Further, CSL Behring has timely requested a stay within thirty days after the ITC instituted its parallel investigation (on August 8, 2017). *See Certain Recombinant Factor IX Products*, Inv. No. 337-TA-1066, Notice of Institution of Investigation (dated August 8, 2017). Section 1659(a) therefore requires a stay as to all of Bioverativ's claims in this action.

## IV. CONCLUSION

CSL Behring respectfully requests that the Court grant this unopposed motion to stay pursuant to 28 U.S.C. § 1659(a).

          */s/ Frederick L. Cottrell, III*
          Frederick L. Cottrell, III (#2555)
          Christine D. Haynes (#4697)
          Richards, Layton & Finger, P.A.
          One Rodney Square
          920 North King Street
          Wilmington, Delaware 19801
          (302) 651-7700
          cottrell@rlf.com
          haynes@rlf.com

          *Attorneys for Defendants*

Dated: September 7, 2017