IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVERATIV INC., BIOVERATIV THERAPEUTICS INC., and BIOVERATIV U.S. LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CSL BEHRING LLC, CSL BEHRING GMBH, and CSL BEHRING LENGNAU AG,<br><br>Defendants. | Civil Action No. 17-914-RGA |

MEMORANDUM ORDER

Before me are five motions submitted by Bioverativ and CSL Behring regarding Defendants' alleged infringement of patents by accused product Idelvion. This order will address Plaintiffs' Motion for Summary Judgment. (D.I. 212). I have reviewed the parties' briefing and related papers. (D.I. 216, 225, 235). I heard oral argument on February 21, 2020. Because there is a genuine dispute of material fact as to the degree of difference between the principle of the accused product and that of the asserted claims, Plaintiffs' motion is denied.

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a

1

dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

## II. DISCUSSION

Plaintiffs seek summary judgment that there is no evidence to support the "reverse doctrine of equivalents defense." (D.I. 216 at 11). The reverse doctrine of equivalents is available as a defense to infringement "where a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim." *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605, 608-09 (1950). In order to establish a prima facie case of non-infringement under the reverse doctrine of equivalents, Defendant must first "establish the principle of the [relevant] patent." *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1378 (Fed. Cir. 2008). "The 'principle' or 'equitable scope of the claims' of the patented invention is determined in light of the specification, prosecution history, and the prior art." *Id.*

At oral argument, Plaintiffs' counsel relied heavily upon *Northern Telecom, Inc. v. Datapoint Corp.* to argue that the defense of reverse doctrine of equivalents fails as a matter of law because the defense does not apply if the accused product performs the claimed function and an "additional function." *See* 908 F.2d 931, 945 (Fed. Cir. 1990). In *Northern Telecom*, the Federal Circuit held, "The addition of features does not avoid infringement, if all of the elements of the patent claims have been adopted. . . . Nor is infringement avoided if a claimed feature

2

performs not only as shown in the patent but also performs an additional function." *Id.* Reliance on *Northern Telecom* is inapt here, as Defendants are not arguing that Idelvion performs an additional function. Rather, Defendants argue that Idelvion works on a different principle. (D.I. 262 at 50:11-18).

Defendants state that the asserted claims require that the mechanism of half-life extension be "FcRn-dependent." (D.I. 225 at 2-3). Plaintiffs do not meaningfully contest this assertion in their briefing nor did they do so at oral argument. *See* D.I. 216 at 3-5; D.I. 262 at 42:14-19. Defendants assert that the evidence shows that the extended half-life of Idelvion substantially depends on other, non-FcRn mechanisms and thus, the principle of the claimed invention is "fundamentally different" than that of the Accused Product. (D.I. 225 at 1). Defendants point to mice studies showing that Idelvion's half-life extension "does not depend upon FcRn recycling," testimony from Plaintiffs' corporate designee that half-life extension in models where FcRn is "knock[ed] out" would confirm that the extended half-life is "not due to FcRn," testimony from the inventors of the patented product that the invention is based on the idea that FIX-albumin fusion proteins use the same recycling mechanisms as FIX-Fc, testimony from Plaintiffs' expert, Dr. Ward, that "properties other than FcRn recycling likely contribute to Idelvion's mechanism for half-life extension," and testimony from other fact witnesses that factors other than FcRn recycling "contribute to" Idelvion's extended half-life. (*Id.* at 8).

Defendants have offered evidence demonstrating that the half-life of Idelvion is extended by factors other than FcRn recycling. The question of whether an accused product is "so far changed in principle that it performs the same or similar function in a substantially different way" is a question of fact. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1123 (Fed. Cir. 1985). Here, I find that there is sufficient evidence to create a genuine dispute of material

3

fact as to whether Defendants' product performs the same function as the claimed invention in a substantially different way. Plaintiffs' arguments about the degree of difference between Idelvion and the principle of the asserted claims do not provide a basis for granting summary judgment against Defendants' reverse doctrine of equivalents defense. Therefore, I will deny Plaintiffs' motion for summary judgment.

## III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (D.I. 212) is **DENIED** as to Defendants' reverse doctrine of equivalents defense to infringement.

Entered this 3 day of March, 2020.

*Richard G. Andrews*
United States District Judge