# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVERATIV INC., BIOVERATIV THERAPEUTICS INC. and BIOVERATIV U.S. LLC,<br><br>            Plaintiffs,<br><br>   v.<br><br>CSL BEHRING LLC, CSL BEHRING GMBH, and CSL BEHRING LENGNAU AG.,<br><br>            Defendants. | C.A. No. 17-914-RGA<br><br>**REDACTED VERSION** |

## DEFENDANTS' MOTION IN LIMINE NO. 1
## AND COMBINED BRIEFING

OF COUNSEL:

Lisa J. Pirozzolo
Joseph J. Mueller
Kevin S. Prussia
Emily Whelan
Kate Saxton
Kelli J. Powell
WILMER CUTLER PICKERING
HALE AND DORR
60 State Street
Boston, MA 02109
(617) 526-6000

Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Defendants*

OF COUNSEL:

Paul G. Berghoff
Alison J. Baldwin
James C. Gumina
Sara E. Fendrick, Ph.D.
James L. Lovsin
Nicole E. Grimm
Nathaniel P. Chongsiriwatana, Ph.D.
Daniel F. Gelwicks
McDonnell Boehnen Hulbert
 & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606
(312) 913-0001

Dated:  March 11, 2020

Thomas C. Grimm (#1098)
Jeremy Tigan (#5239)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

I.  **Defendants' MIL No. 1: To Preclude Evidence/Argument that Bioverativ Conceived of the Claimed Methods of Administering FIX-Albumin Before July 9, 2010**

The Court should preclude Bioverativ from introducing evidence, eliciting testimony, or presenting argument purporting to show that the Named Inventors conceived the claimed methods of administering FIX-albumin chimeric polypeptides before July 9, 2010, i.e., the filing date of the provisional application to which the Asserted Patents claim priority.

The Asserted Patents purport to cover methods of administering a "chimeric FIX polypeptide" that includes FIX (or a fragment or variant thereof) and an "FcRn binding partner," which can be Fc or albumin (or a fragment or variant thereof). CSL served an interrogatory seeking information about the conception and reduction to practice of the claimed invention, including a description of "all facts and circumstances" relating to that conception and reduction to practice; any related documents; and an explanation of how those documents "substantiate[] or corroborate[] Bioverativ's" purported conception and reduction to practice. (Ex. 1, CSL Interrogatory No. 6.) In response, regarding its alleged conception of using albumin as an "FcRn binding partner," Bioverativ did not provide a specific conception date or cite a single corroborating document.[1] (*See* Ex. 2, Dec. 14, 2018 Response to Interrogatory No. 6 at 9.) CSL pointed out this failure, and asked Bioverativ to provide additional information regarding conception, including a date. (Ex. 5, Jan. 3, 2019 Letter to DeFilipp at 1.) In a supplemental

---

[1] 

response served nearly six months later, Bioverativ again failed to provide a date of conception related to FIX-albumin prior to July 2010, and said only that:



Bioverativ has thus never provided a specific date of conception, nor any corroboration of conception, of methods of administering FIX-albumin prior to July 2010. The deposition testimony cited by Bioverativ does not provide a date, and the internal albumin-related documents referenced in Bioverativ's response do not reflect work on albumin fusion proteins, let alone the *dosing* of FIX-albumin.

---

[2] Bioverativ refused to provide 30(b)(6) testimony regarding conception and reduction to practice of the Asserted Patents' claimed invention, and CSL moved to compel. (D.I. 158 at 1-2.) In response, Bioverativ argued that it "ha[d] already provided its factual and legal contentions [regarding conception and reduction to practice] in response to an interrogatory from CSL." (D.I. 161 at 1.) Magistrate Judge Fallon ultimately denied CSL's motion to compel, on the condition that Bioverativ "supplement its contention interrogatory response on this topic within one week of [Named Inventor] Dr. Peters' deposition and have that supplementation verified under oath." (May 7, 2019 Hearing Tr. at 21:20-23:3.) CSL thus has only Bioverativ's May 15, 2019 interrogatory response.

During the parties' February 25, 2020 meet and confer on motions *in limine*, CSL asked Bioverativ to confirm that it would not assert any conception of using albumin as an "FcRn Binding Partner" that was not disclosed in its interrogatory response. Bioverativ refused, and said that it plans to rely on other evidence (that counsel declined to identify). CSL's motion *in limine* should be granted for two reasons.

***First***, it is settled that "[c]onception must include every feature or limitation of the claimed invention" and "must be proved by corroborating evidence." *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) (citation omitted). Here, the Asserted Claims purport to cover methods of administering FIX-albumin polypeptides. Yet Bioverativ has never identified a single document supporting its purported conception of administering FIX-albumin. Moreover, uncorroborated inventor testimony should be excluded. *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 485 F. Supp. 2d 519, 534 n.26 (D. Del. 2007) (uncorroborated testimony regarding conception excluded from trial).

***Second***, Bioverativ failed to disclose a conception date prior to July 9, 2010. To the extent Bioverativ intended to rely on an earlier conception date, it should have identified that date and any supporting evidence in its interrogatory response, so that CSL would have had a fair opportunity to investigate that evidence. It did not. If Bioverativ is permitted to present evidence of conception that it did not previously disclose—on an issue central to CSL's defenses—at trial, CSL would be significantly prejudiced. Each of the *Pennypack* factors favors exclusion of undisclosed evidence regarding a pre-July 2010 conception. *See L-3 Commc'ns Corp. v. Sony Corp.*, No. 10-cv-734-RGA, 2013 WL 5818617, at *1 (D. Del. Oct. 23, 2013) (excluding previously undisclosed testimony regarding "the actual reduction to practice of the invention"); *see also Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 472-73 (D. Del. 2006),

*aff'd in part*, 543 F.3d 1306 (Fed. Cir. 2008) ("ATMI withheld critical information during discovery; it should not be rewarded for such conduct at trial.").

II. **Plaintiff's Response to Defendants' MIL No. 1: To Preclude Evidence/Argument that Bioverativ Conceived of the Claimed Methods of Administering FIX-Albumin Before July 9, 2010**

CSL's MIL Nos. 1 and 3 blur and confuse one of the basic issues in this case: who was the first to prove that a FIX-FcRn binding partner fusion protein could achieve weekly (or longer) dosing of FIX to human hemophilia B patients? The evidence at trial will show that it was Bioverativ, as memorialized in its July 9, 2010 patent application that resulted in the patents in suit.[3] Because, for the purposes of this litigation, Bioverativ will rely on its July 9, 2010 filing date to show conception and constructive reduction to practice of the claimed inventions, CSL's motion is moot and should be denied.

Plaintiffs' Response to CSL's MIL No. 3 addresses the evidence that Plaintiffs plan to introduce at trial regarding Bioverativ's inventors' knowledge and experience with FIX-albumin polypeptides that led to the conception of the claimed invention. This evidence will support Bioverativ's conception as of July 9, 2010, the filing date of the provisional patent application to which the Asserted Patents claim priority and includes work by the inventors on FcRn binding partners, including albumin and Fc as well as patent filings explicitly disclosing Fc-FIX and albumin-FIX fusion proteins for administration to humans. Ex. B, U.S. Provisional Application No. 61/363,064, Factor IX-FC Chimeric and Hybrid Polypeptides, and Methods of Use Thereof, filed on July 9, 2010, BVV-0005605 - BVV-0005714.

---

[3] By contrast, CSL did not file its U.S. patent application on the same claimed inventions until 2013. Ex. A, U.S. Provisional Application 61/919,884, Fusion Proteins Comprising Factor IX for Prophylactic Treatment of Hemophilia and Methods Thereof, filed on December 23, 2013, BVV-1264392 - BVV-1264475.

4

CSL's MIL Nos. 1 & 3 are actually two separate attempts to limit Bioverativ's ability to present evidence of the inventors' knowledge of albumin as an FcRn binding partner and the development of the claimed invention, facts relevant to multiple issues in the case. In its motions, CSL never argues that this evidence is irrelevant or prejudicial.

CSL asserts that "Bioverativ has never identified a single document supporting its purported conception of administering FIX-albumin." CSL MIL No. 1, p. 3. However, the patent application filed July 9, 2010 clearly corroborates the inventors' conception of administering FIX-albumin. *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998) ("The filing of a patent application serves as conception and and constructive reduction to practice of the subject matter described in the application."). Moreover, throughout the discovery process Bioverativ provided a detailed accounting of the inventors' conception of the claimed administration of a chimeric polypeptide comprising Factor IX and an FcRn binding partner, including both Fc and albumin. *See* Plaintiffs' Response to CSL's MIL No. 3.

CSL argues that evidence of conception is "an issue central to CSL's defenses." CSL MIL No. 1, p. 3. But CSL's motion is effectively an effort to inappropriately limit Bioverativ's ability to present the inventors' knowledge that albumin, like Fc, is an FcRn binding partner and would work in the invention once the inventors' provided their proof of principle work regarding the FcRn pathway. The inventors' knowledge of albumin and Fc as equivalent FcRn binding partners is directly relevant to the inventors' conception of the claimed invention as well as Bioverativ's defense to CSL's recently added derivation claims. Because Bioverativ's inventors were well aware of the equivalency of albumin and Fc as FcRn binding partners, they did not derive their claimed inventions from anything they later learned about CSL's infringing Idelvion product. Moreover, what was known in the art regarding albumin fusion proteins is relevant to

CSL's invalidity arguments under 35 U.S.C. § 112. Bioverativ and the inventors' prior knowledge will refute arguments that CSL plans to present at trial, and is therefore relevant.

Moreover, an earlier date of conception is only relevant if CSL is relying on references that predate July 9, 2010, but that Bioverativ would assert are not prior art under § 102(a).[4] However, CSL has not identified what prior art it plans to assert at trial. At this stage, and until CSL provides more detail regarding its defenses, Bioverativ has met its burden of production to demonstrate a conception date of no later than July 9, 2010. *See Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952, 967 (Fed. Cir. 2014) (party asserting that references are prior art have the burden of persuasion, party asserting conception to antedate a reference has the burden of production). Despite CSL's complaints about discovery, Bioverativ is not required to do more.

Finally, CSL has not presented a motion that is defined well enough to be ripe for this Court's decision. If CSL is concerned that Bioverativ will introduce some unidentified evidence at trial for the first time, proper and timely objections to such evidence protect CSL from any alleged prejudice or surprise. Similarly, to the extent a witness's testimony is inconsistent with previous testimony or records, cross-examination and impeachment provide appropriate relief.

CSL's reference to the *Pennypack* factors regarding surprise and prejudice are inapt – that is just not the situation here. CSL is aware of the inventor-witnesses Bioverativ plans to call, had an opportunity to depose those inventor-witnesses, and has Bioverativ's Exhibit List.

Bioverativ will rely on its July 9, 2010 patent application filing for conception and reduction to practice of the claimed inventions. Additionally, evidence of the inventors'

---

[4] Bioverativ previously notified CSL of its dispute as to whether certain references were prior art. *See* Ex. C, June 12, 2019, Email from Lovsin to Pirozzolo. CSL's experts opined on 6 combinations (while leaving the door open for more) and CSL's § 282 notice includes 18 pages of over 100 references. Bioverativ has raised this issue in the Pretrial Order and will ask the Court to require CSL to narrow its references.

knowledge of albumin as a FIX binding partner is relevant to both conception and CSL's derivation arguments. Therefore, CSL's motion is moot and should be denied.

### III. Defendants' Reply in Support of MIL No. 1: To Preclude Evidence/Argument that Bioverativ Conceived of the Claimed Methods of Administering FIX-Albumin Before July 9, 2010

Bioverativ does not dispute—and thus effectively concedes—that it never disclosed during discovery a conception or reduction to practice prior to July 9, 2010, the date the application to which the Asserted Patents claim priority was filed. Given its failure to disclose an earlier date during more than 30 months of litigation, Bioverativ cannot now leave the door open to advance an "earlier date of conception" on the basis that it needs "more detail regarding [CSL's] defenses." (BV Opp. to CSL MIL 1 at 2-3.) CSL has provided extensive detail about its defenses, including the prior art it plans to assert at trial. CSL served invalidity contentions identifying the prior art upon which it now relies for obviousness more than 18 months ago. It also served the expert report of Claude Négrier, who opined that the Asserted Claims are obvious over six combinations of ***fourteen*** prior art references.[5]

Given this, Bioverativ's argument that it should be permitted to assert an earlier conception for the first time during trial is simply incorrect. (*See* BV Opp. to CSL MIL 1 at 3.) The purpose of pretrial discovery is to avoid trial by ambush, and courts have routinely granted motions *in limine* excluding precisely the kinds of evidence and argument at issue here. (*See*

---

[5] Bioverativ first asked CSL to narrow its references and obviousness combinations last week. The number of references in CSL's obviousness combinations is entirely appropriate (*see Reckitt Benckiser Pharms. Inc., v. Watson Labs., Inc.*, No. 13-1674-RGA, D.I. 320, 326, 333 (D. Del. 2015) (limiting defendant to 18 prior art references for 15 asserted claims, with additional references for background)), and the parties are discussing identifying the specific combinations CSL will present before trial. There is no dispute for the Court to resolve. (*See* BV Opp. to CSL MIL 1 at 3 n.2.) And CSL's Section 282 Notice is lengthy because a defendant must identify, among other things, "any publication to be relied upon . . . as showing the state of the art." 35 U.S.C. § 282.

7

CSL MIL 1 at 3 (collecting cases).) *Personalized User Model, L.L.P. v. Google Inc.*, 2014 WL 977651, at *1-2 (D. Del. Mar. 6, 2014) (admission of previously undisclosed evidence "unfair").[6]

| | |
|---|---|
| | /s/ Frederick L. Cottrell, III |
| | Frederick L. Cottrell, III (#2555) |
| OF COUNSEL: | Christine D. Haynes (#4697) |
| | Richards, Layton & Finger, P.A. |
| Lisa J. Pirozzolo | One Rodney Square |
| Joseph J. Mueller | 920 North King Street |
| Kevin S. Prussia | Wilmington, Delaware  19801 |
| Emily Whelan | (302) 651-7700 |
| Kate Saxton | cottrell@rlf.com |
| Kelli J. Powell | haynes@rlf.com |
| WILMER CUTLER PICKERING | |
| HALE AND DORR | *Attorneys for Defendants* |
| 60 State Street | |
| Boston, MA 02109 | |
| (617) 526-6000 | |
| | |
| | /s/ Thomas C. Grimm |
| OF COUNSEL: | Thomas C. Grimm (#1098) |
| | Jeremy Tigan (#5239) |
| Paul G. Berghoff | Morris, Nichols, Arsht & Tunnell LLP |
| Alison J. Baldwin | 1201 N. Market Street |
| James C. Gumina | P. O. Box 1347 |
| Sara E. Fendrick, Ph.D. | Wilmington, Delaware  19899-1347 |
| James L. Lovsin | (302) 658-9200 |
| Nicole E. Grimm | tgrimm@mnat.com |
| Nathaniel P. Chongsiriwatana, Ph.D. | jtigan@mnat.com |
| Daniel F. Gelwicks | |
| McDonnell Boehnen Hulbert | *Attorneys for Plaintiffs* |
| & Berghoff LLP | |
| 300 South Wacker Drive | |
| Chicago, IL  60606 | |
| (312) 913-0001 | |

Dated:  March 11, 2020

---

[6] Bioverativ's claim that CSL applied for a patent "on the same claimed inventions" as the Asserted Patents is wrong and irrelevant to the motions *in limine* and to trial.  (*See* BV Opp. to CSL MIL 1 at 1 n.1.)

8

## CERTIFICATION OF COUNSEL
## REGARDING COMPLIANCE WITH PAGE LIMITS

Undersigned counsel hereby certify that the parties' briefing submitted as part of Defendants' Motion in Limine No. 1, Motion in Limine No. 2, and Motion in Limine No. 3 complied with the page limits set forth in the Second Scheduling Order (D.I. 69) prior to assembling such briefing into a combined filing.

 

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com