IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIOVERATIV INC., BIOVERATIV
THERAPEUTICS INC., and BIOVERATIV
U.S. LLC,

    Plaintiffs,

v.

CSL BEHRING LLC, CSL BEHRING
GMBH, and CSL BEHRING LENGNAU
AG,

    Defendants.

Civil Action No. 17-914-RGA

MEMORANDUM ORDER

Before me is Bioverativ's Motion for Reconsideration of Summary Judgment of No Willful Infringement or Enhanced Damages (D.I. 349). I have considered the parties' briefing. (D.I. 349, 350, 352).

Bioverativ correctly states the law: "[T]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (quoting *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). Although I referenced the heightened (and with the benefit of *SRI*, erroneous) standard of "wanton, malicious, and bad-faith behavior" in granting summary judgment of no willfulness (D.I. 288 at 6), my conclusion of no willfulness remains the same under the correct standard.

While it is undisputed that CSL knew about the patents when they issued, knowledge of the patents alone does not establish willfulness. *See, e.g., Intell. Ventures I LLC v. Symantec*

1

*Corp.*, 234 F. Supp. 3d 601, 611–12 (D. Del. 2017). Bioverativ argues that "it should be permitted to present evidence of CSL's conduct after the Asserted Patents issued to the jury," but does not point to any evidence that CSL engaged in deliberate or intentional infringement.[1] (D.I. 349 at 6). Bioverativ also argues that there are genuine disputes of material fact as to whether CSL's defenses are reasonable. (*Id.*). Bioverativ does not provide any evidence that CSL's invalidity defenses are unreasonable or that CSL has no reasonable basis for asserting non-infringement. (*See id.*; *see also* D.I. 227 at 27); *SRI*, 14 F.4th at 1328–30 (upholding a jury verdict of willful infringement where the plaintiff presented evidence that the defendant's invalidity defenses were unreasonable and evidence that the defendant did not have any reasonable basis for non-infringement).

For these reasons, I will deny Bioverativ's Motion for Reconsideration of Summary Judgment of No Willful Infringement or Enhanced Damages. (D.I. 349).

Entered this 14th day of December, 2021.

United States District Judge

---

[1] I found that CSL had not engaged in any "copying" while developing Idelvion®. (D.I. 288 at 8). Bioverativ does not challenge this finding.

2